DIEGO AGÜEROS & CO., PLAINTIFFS AND APPELLEES, *v.* LLORENS, DEFENDANT (NAVARRETE, INTERVENOR AND APPELLANT.)

APPEAL from the First District Court of San Juan in an Action of Debt. Motion for Dismissal.

No. 3275.—Decided April 10, 1924.

APPEAL—INTERVENTION.—An order overruling a motion by the intervenor that as he had returned to the marshal the property that the marshal had put in his possession under section 15 of the Act providing for the trial of the

right to personal property the judgment against him be declared satisfied and that he be relieved from future liability, is not a final order and, therefore, is not appealable, even if made after judgment.

The facts are stated in the opinion.

*Messrs. Soto Gras & Siaca* for the appellees.

*Mr. R. Sancho Bonet* for the appellant.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The trial court made an order overruling the motion of the intervenor alleging that he had returned to the marshal the property that had been delivered to him and praying for a declaration that the judgment rendered against him had been satisfied and for his release from all future liability.

The intervenor appealed from that order and one of the defendants in intervention moves for the dismissal of the appeal on the ground that the order of the trial court is not appealable.

Section 15 of the Act to provide for the trial of the right to real and personal property, etc., approved March 14, 1907, is as follows:

"Sec. 15.—On such judgment an execution shall issue within ten days.

"If, within ten days from the rendition of judgment against the claimant, the latter shall return such property in as good condition as he received it, and pay for the use of the same, together with the damages and costs, such delivery and payment shall operate as a satisfaction of such judgment." Acts of 1907, p. 315.

The order refusing to declare that the judgment had been satisfied by the intervenor as prayed for by him does not seem to have the character of a final order. In no manner does it affect the judgment in the intervention proceedings, either as regards its execution or stay. The motion of the appellant is based on section 15, *supra,* and until it be decided whether or not the provisions of said section have been complied with, the simple refusal of the trial court indicates that something has been left undone and the order

can not be considered as final, for there is no aggrieved party and only when there is one can the order affect the judgment.

Therefore, the order in this case not being final, although made after judgment, it is not appealable and the appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.